STATE of Maine

v.

William H. BANKS, Jr.

Supreme Judicial Court of Maine.

March 10, 1978.

Michael D. Seitzinger (orally), Asst. Atty. Gen., Augusta, for plaintiff.

Stanley W. Brown, Jr. (orally), Belfast, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD and GODFREY, JJ.

PER CURIAM.

Appellant William H. Banks, Jr. was charged with operating under the influence of intoxicating liquor in violation of 29 M.R.S.A. § 1312 (1977 Supp.). He was advised of the "implied consent" law and consented to a breath test. He was not specifically informed that the test results could be used against him in criminal proceedings. Appellant objected to the admission of the test on the ground that it was not the product of an informed consent. The objection was overruled and appellant was convicted.

The applicable Maine statute, 29 M.R.S.A. § 1312, requires that the arrested person be informed of the consequences of his refusal to permit a test. In *State v. Granville*, Me., 336 A.2d 861 (1975) we outlined the parameters of the statutory mandate to inform. The officer who advised appellant in this case complied with the statutory prerequisite for admissibility of the test results.

The statute does not expressly require that arrested persons be informed of the possible uses of the test. We see nothing in the statute to imply that they must be so informed. There is no constitutional problem.

The entry is:

Appeal denied.

Judgment affirmed.

DELAHANTY and NICHOLS, JJ., did not sit.